| 2016-CV-0123 | STEVENSON V CITY OF MANCHESTER GA ET AL | MERIWETHER SUPERIOR | TORT |
|---|---|---|---|

# Case Docket

| Case Initiation Date | Assigned Judge | Status |
|---|---|---|
| 05/16/16 | EMORY PALMER | OPEN |

## Party Information

Plaintiff:                                        Defendants:

**STEVENSON, DENOISYO**              **CITY OF MANCHESTER, GA,**

                                                    **COUCH, GARY**

                                                    **HARPER, JOEL**

                                                    **HARRISON, JOE**

                                                    **DOE, JOHN**

 PEACHCOURT                                        Adam Appel ▾

(/)

CASE SEARCH (/Search) | MY CASES (/MyCases) | DRAFTS (/Drafts) | HISTORY (/History) | NEW CASE (/File/Details/InitiateInitial)

**Attorney Information**

**WARD, GRAYLIN C**
WARD LAW OFFICE
P O BOX 1335
NEWNAN Georgia 30264
Home : 770-251-1289
gward@numail.org

**Appel, Adam L**
Dermer Appel Ruder, LLC
Meridian II, Suite 2000
275 Scientific Drive
Norcross Georgia 30092
Work : (404) 881-2622
aappel@cmlawfirm.com

File into this Case

| Docket # | Document Type | Document Description | Filer | Filing Date |
|---|---|---|---|---|
| 1 | Summons | SUMMONS | | 05/16/16 |
| 2 | Complaint | COMPLAINT FOR DAMAGES | | 05/16/16 |
| 3 | Notice | PLAINTIFF DENOISYO STEVENSONS FIRST NOTICE TO PROD | | 05/16/16 |
| 4 | Miscellaneous | PLAINTIFF DENOISYO STEVENSONS FIRST SET OF INTERROG | | 05/16/16 |
| 5 | Sheriff's Entry of Service | NOTORIOUS SHERIFF ENTRY OF SERVICE FOR Defendant: CO | | 05/18/16 |
| 6 | Sheriff's Entry of Service | NOTORIOUS SHERIFF ENTRY OF SERVICE FOR Defendant: HA | | 05/18/16 |
| 7 | Sheriff's Entry of Service | NOTORIOUS SHERIFF ENTRY OF SERVICE FOR Defendant: HA | | 05/18/16 |
| 8 | Sheriff's Entry of Service | NOTORIOUS SHERIFF ENTRY OF SERVICE FOR Defendant: CI | | 05/18/16 |
| 9 | Miscellaneous | CASE FILING FORM | | 06/02/16 |
| 10 | Answer | Answer and Defenses | Appel, Adam L | 06/15/16 |

Page 1 of 1

© 2016 GreenCourt Legal Technologies, LLC (http://www.greencourt.com) | Privacy Policy (../../Content/Privacy Policy for peachcourt.com.pdf) | Terms & Conditions (../../Content/PeachCourt.eFile.T&C.pdf) | Get help from a real person - call 844-GA-EFILE (844-423-3453) | Server Time: 6/15/2016 2:45:33 PM



PEACHCOURT

(/)

Adam Appel ▾

CASE SEARCH (/Search) | MY CASES (/MyCases) | DRAFTS (/Drafts) | HISTORY (/History) | NEW CASE (/File/Details/InitiateInitial)

IN THE SUPERIOR COURT OF MERIWETHER COUNTY
STATE OF GEORGIA

Denoisyo Stevenson,                          *
                                             *
    Plaintiff,                           *
                                             *
    v.                                   *
                                             *
CITY OF MANCHESTER, GEORGIA;                 *    CIVIL ACTION
GARY COUCH, in his official                  *    FILE NO. 2016-CV-0123
and individual capacity as Chief of          *
Police for the City of Manchester,           *
Georgia; OFFICER JOEL HARPER,                *
Individually and in his official capacity;   *
OFFICER JOE HARRISON, Individually           *
and in his official capacity and JOHN DOE    *
in his official and individual capacity,     *    JURY TRIAL DEMAND
                                             *
    Defendants.                          *

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

    You are hereby summoned and required to file with the Clerk of said court and to serve upon the Plaintiff's attorney, whose name and address is:

GRAYLIN C. WARD, ATTORNEY AT LAW
27 EAST BROAD
NEWNAN, GA 30263
770-251-1289

an answer to the Complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.   If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ 16th _____ day of ___ May _____, 2016.

Clerk of Superior/State Court

BY _Judy S Weldon_____

Deputy Clerk

MERIWETHER COUNTY, GA
FILED AND RECORDED

2016 MAY 16  PM 2:41

IN THE SUPERIOR COURT OF MERIWETHER COUNTY
STATE OF GEORGIA

CLERK SUPERIOR COURT

| | | |
|---|---|---|
| Denoisyo Stevenson, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| CITY OF MANCHESTER, GEORGIA; | * | CIVIL ACTION |
| GARY COUCH, in his official | * | FILE NO. *2016-CV-0123* |
| and individual capacity as Chief of | * | |
| Police for the City of Manchester, | * | |
| Georgia; OFFICER JOEL HARPER, | * | |
| Individually and in his official capacity; | * | |
| OFFICER JOE HARRISON, Individually | * | |
| and in his official capacity and JOHN DOE | * | |
| in his official and individual capacity, | * | JURY TRIAL DEMAND |
| | * | |
| Defendants. | * | |

## COMPLAINT FOR DAMAGES

NOW COMES Denoisyo Stevenson, Plaintiff in the above styled action, and who sets forth the following causes of action against each of the Defendants named herein, as well as, demands for relief arising in connection therewith. Although this Complaint sets forth certain causes of action against the defendants whose names or identities are recited herein below, this Complaint is not to be construed as a negation of Plaintiff's claims against any other parties whose names or identities are not specifically set forth herein.

## JURISDICTION and VENUE

1.

This action is brought for violations of the First, Fourth, Fifth, Eighth and

Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. §§1983, 1985, and 1986. The jurisdiction of this Court is also founded upon violations of the laws and Constitution of the State of Georgia. Due to the location or residence of one or more of the defendants named herein, venue is proper in this Court. As a condition to bringing you the instant action, Plaintiff served upon the Defendant City of Manchester ante litem notices on July 10, 2014, a copy of which is attached hereto and marked as "Exhibit A."

## PARTIES IN INTEREST

2.

Plaintiff Denoisyo Stevenson (hereinafter sometimes referred to as "Plaintiff') is an African-American and citizen of the United States and a citizen and resident of the City of Manchester, County of Meriwether, State of Georgia.  On or about, May 20, 2014, Plaintiff was without legal justification or any rational basis, became the victim of a malicious assault and conspiracy to cover-up the aforesaid illegal acts and abuses by employees and law enforcement officers with Police Department for the City of Manchester, Georgia.

3.

Defendant City of Manchester, Georgia is a duly constituted political subdivision of the State of Georgia and is and was the employer of certain named law enforcement personnel. Defendant City of Manchester, is and was at all times relevant hereto a duly organized governmental entity created and existing by virtue of the laws of the State of Georgia, and entity body corporate subject to suit, and subject to the jurisdiction of this Court.

4.

The Defendant City of Manchester, is liable for constitutional deprivations pursuant to governmental custom, policy, or practice whether written or unwritten. Monell v. New York Dept. Of Social Services, 436 U.S.C. 658 (1978). The Defendant City of Manchester, is also liable for the misconduct, inadequate training, failure to train, negligent hiring, negligent retention and negligent supervision of its employees.

5.

Defendant Gary Couch is the supervisory officer who at all times material hereto was and is a duly appointed official and employee of City of Manchester, Georgia. In addition to having negligently hired and retained Defendants Officer Harper, Officer Harrison, and JOHN DOE (whose actual identity is currently unknown to Plaintiff), each of whom shall hereinafter be referred to as "Defendant, Defendant Officers, Defendant Harper, Defendant Harrison and John Doe"), Defendant Gary Couch also failed to adequately train, supervise and discipline his subordinate law enforcement personnel, including said Defendant Officers, and is being sued in both his individual and official capacities.

6.

Defendant City of Manchester was also at all times relevant hereto responsible for the supervision of Defendant Officers, Defendant Gary Couch and John Doe. The City of Manchester failed to adequately train, supervise and discipline Defendants Harper, Officer Harrison and John Doe, each of whom showed a deliberate indifference to the constitutional rights of Plaintiff as set out in detail below.

7.

Defendants Officer Harper, Officer Harrison and John Doe are and were at all times relevant to this action, law enforcement officers with the City of Manchester Police Department and acting under color of state law. In addition to the aforesaid assault and battery, illegal arrest, and malicious prosecution by Defendant Officers, said defendants also entered into a conspiracy to hide and cover-up the aforementioned unwarranted physical attack upon Plaintiff. In this regard, Defendant Officers are being sued in both their individual and official capacities.

## FACTUAL ALLEGATIONS

8.

On or about May 20, 2014, Plaintiff, a person who was being pursued by the City of Manchester Police Department's officers Defendant Harper and Defendant Harrison in connection with a male exposing himself in public. Defendant Harper located Plaintiff Stevenson and began to speak to him regarding the incident. Shortly thereafter, Defendant Harper alleges that Plaintiff Stevenson ran from Defendant Harper and Defendant Harper gave chase after Plaintiff Stevenson on foot.

9.

Defendant Harper tasered Plaintiff Stevenson and shortly thereafter, Defendant Harrison arrived to assist Defendant Harper. Defendant Harper and Defendant Harrison tasered Plaintiff Stevenson causing him to fall to the ground. Plaintiff Stevenson contends that he almost blacked out from being tasered and hitting the ground. Defendant Harper and Harrison continued to taser Plaintiff Stevenson while he was down and incoherent.

10.

The Plaintiff sustained injuries to his head and his body from the brutal assault by Defendant Harper and Defendant Harrison. The Plaintiff also sustained wounds from Defendants' Taser Gun, and suffered from excruciating pain as he lost control of his muscles in his entire body while an electrical charge flowed through his body. The Plaintiff now experiences numbness in his head due to being struck to the head by the Defendant Harper and Defendant Harrison.

11.

The Plaintiff also suffers from severe mental anguish and severe emotional distress as a result of his encounter with the Defendants.  Defendant Harper and Defendant Harrison continued to taser Plaintiff Stevenson when they realized he was obviously injured.

12.

Not until after the Plaintiff had been viscously beaten and unlawfully tasered by Defendant Harper and Defendant Harrison respectively that Plaintiff's received medical treatment.

13.

Defendant Gary Couch (Police Chief) failed to protect the Plaintiff Stevenson from Defendant Harper and Defendant Harrison pursuant to his oath of office due to his negligent supervision and retention of Defendants Harper and Defendant Harrison.

14.

Defendants Harper and Harrison's conduct was malicious and violent assault on the Plaintiff Stevenson. Therefore, Defendant Couch is directly responsible for assault

on Plaintiff Stevenson by Defendant Harper and Defendant Harrison. Plaintiff

Stevenson seeks compensatory and punitive damages against all Defendants.

15.

In the course of submitting himself to the authority of the officers, Defendant

Harper and Defendant Harrison as well as, following their commands, Plaintiff Stevenson was

not able to defend himself from the brutal attack by Defendant Harper and Defendant

Harrison.

16.

Notwithstanding Plaintiff Stevenson's compliance with all instructions given, the

absence of violence or any threat of violence, from anyone, including but not limited to

Defendant Officers or any other officer, of danger or any threat of harm. At the time

that Defendant Harper and Defendant Harrison had not observed the commission of any criminal

offense or any suspicious activity on the part of Plaintiff Stevenson.

17.

As a result of being tasered, Plaintiff Stevenson was severely injured and required immediate

medical attention. Plaintiff also suffered great physical and psychological pain and agony and is

now bearing permanent scars to his body.

18.

In the course of the foregoing attack upon Plaintiff Stevenson, Defendant

Officers, including but not limited to Defendant JOHN DOE, failed to make any attempt

to restrain or in any way prevent Defendant Harper and Defendant Harrison from

continuing to taser Plaintiff while he was in a defenseless position.  As a result of said

Defendants' failure to take appropriate action, Plaintiff was severely injured and required

immediate medical attention. Plaintiff also suffered great physical and psychological pain and

agony and is now bearing permanent scars upon the lower extremities of his body and will

continue to incur in the future certain medical expenses which shall be proven at trial.

### COUNT I
(Use of Excessive Force in Violation of 42 U.S.C. Sec. 1983
and Georgia State Law)

19.

The actions of Defendant Officers, including but not limited to Defendant Harper,

Defendant Harrison and JOHN DOE, amounted to deliberate indifference to the

constitutional rights of Plaintiff and caused him to be deprived of the following clearly

established rights under the Constitution of the United States and the Georgia Constitution:

(a)     the right of life, liberty and pursuit of happiness;

(b)     the right to be free from the use of excessive force under the Fourth

Amendment;

(c)     the right to be free from unreasonable seizures under the Fourth

Amendment;

(d)     the right to be free from cruel and unusual punishment

under the Eight Amendment;

(e)     the right to be free from deprivations of physical security

and wellbeing without due process of law under the Fifth and

Fourteenth Amendments;

(f)     the right to be free from summary punishment without due

process of law under the Fifth, Eighth and Fourteenth

Amendments;

(g)    the right to speak freely, as well as, challenge

governmental authority without being subject to the

retaliatory use of force under the First, Fourth, Fifth,

Eighth and Fourteenth Amendments; and

(h)    any other rights guaranteed by the United States

Constitution which

may be applicable under the facts and circumstances of

this case.

20.

At the time of the incident giving rise to this lawsuit, there was no legal

justification for the use of lethal force against Plaintiff. The force used by Defendant Harper

Defendant Harrison and John Doe was excessive, unreasonable and unlawful under the

circumstances.


21.

As a direct, sole, and proximate result of the aforementioned acts and

omissions of Defendant Harper, Defendant Harrison and John Doe, Plaintiff was injured

and deprived of his rights under the United States Constitution and the Georgia

Constitution, for which each of the Defendant Officers are liable to the Plaintiff.

As a direct, sole and proximate result of the aforementioned injury,

Plaintiff was deprived of his rights under the Constitutions of the United

States.

<u>COUNT II</u>
(Violations of Rights under Georgia Constitution)

22.

For this count the Plaintiff hereby adopts each and every allegation asserted in Count I of this Complaint as though it is repeated herein.

23.

The above actions also deprived Plaintiff of the following rights under the Georgia Constitution:

(a)     freedom from abuse while under arrest and in police custody under Article I, Section 1, Paragraph 17;

(b)     freedom from deprivation of liberty without due process of law under Article I, Section I, Paragraph 1;

(c)     freedom of speech and freedom to confront governmental authority without fear of retaliation under Article I, Section I, Paragraph 5; and

(d)     any other rights guaranteed by the Georgia Constitution which may be applicable under the facts and circumstance of this case.

24.

Said deprivations of Plaintiff's rights under the Georgia Constitution are breaches of public duty which constitute torts under Georgia law.

When the Defendant Officers allowed a police dog to needlessly attack and injure Plaintiff, they violated Plaintiff's rights guaranteed under the Constitution for the State of Georgia.

25.

Each of the Defendant Officers, individually and as agents of the City of Manchester, deprived Plaintiff of rights guaranteed under the federal and state constitutions with malice, a reckless disregard for his constitutional rights, and with specific intent to harm him, thereby authorizing the imposition of punitive damages against said Defendants.

## COUNT III
(Negligent Hiring, Training and Retention in Violation of
42 U.S.C. Sec. 1983)

For this count the Plaintiff hereby adopts each and every allegation asserted in Counts I and II of this Complaint as though they were repeated herein.

26.

Upon information and belief, Defendants Crouch and the City of Manchester have at all times relevant hereto maintained an inadequate system of reviewing the use of force by their police officers. The aforesaid defendants have systematically failed to discipline, more closely supervise, or restrain their officers form the improper use of such force. Further, these Defendants failed to appropriately train officers about the circumstance in which physical and violent force can be used against an arrestee.

27.

Upon information and belief, Defendant Couch and Defendant City of Manchester have maintained customs, policies, and practices which have encouraged the use of excessive force by officers working under the supervision and control said Defendants; such customs, policies, and practices were the genesis behind the deprivation of each Plaintiffs federal and state constitutional rights.

28.

Upon information and belief, prior incidents of physically violent and excessive force involving Defendant Harper, Defendant Harrison and John Doe have occurred within the City of Manchester Police Department.  Specifically, the case of Plaintiff Stevenson Hurston which occurred on or about May 20, 2014.

29.

The foregoing customs, policies, practices, and systemic deficiencies of Defendants have caused officers of the City of Manchester Police Department to be unaware of the actual rules and laws governing the use of force. Thus, said officers believe that they had unconstitutionally over-broad discretion with respect to the use of said force. They further believe that the improper use of such force would not be honestly and properly investigated by defendants. The foreseeable result of failing to properly investigate the use of force culminated in the injury of Plaintiff.

30.

Notwithstanding Plaintiff's request that he be allowed to file a complaint against the Defendant Officers with the City of Manchester's Police Department, so that he might bring to the attention of the Defendant Officers' supervisors the abuses which he was subjected to, the failure by Defendants Couch and the City of Manchester to properly investigate and discipline the Defendant Officers constitutes ratification of the unconstitutional acts by each of the Defendant Officers.

31.

Upon information and belief, the aforesaid customs, policies, practices, and systemic deficiencies of the City of Manchester arose through the conscious decisions and/or

investigate and discipline the Defendant Officers constitutes ratification of the

unconstitutional acts by each of the Defendant Officers.

31.

Upon information and belief, the aforesaid customs, policies, practices, and systemic

deficiencies of the City of Manchester arose through the conscious decisions and/or

deliberate indifference of the Mayor, City Council and Police Chief who are policy makers

and final decision-makers, including but not limited to,

Defendant Police Chief Couch.

32.

City of Manchester is liable to Plaintiff for compensatory damages and attorney's

fees under 42 U.S.C. Sec. 1988 for causing said plaintiff to be deprived of his federal

and state constitutional rights.

**COUNT IV**
(Race Hatred in Violation of 42 U.S.C. Sec. 1983)

For this count the Plaintiff hereby adopts each and every allegation asserted in

Counts I - III of this Complaint as though they were repeated herein.

33.

Plaintiff was assaulted by Defendant Officers because of Plaintiffs race, African-

American, and due to Defendant Officers' racial animus, Plaintiff was maliciously

assaulted and severally injured.

**COUNT V**

(State Law Claim for Assault and Battery)

For this count the Plaintiff hereby adopts each and every allegation asserted in

Counts I-V of this Complaint **as** though they were repeated herein.

34.

When Defendant Officers allowed the use of a Taser and their shoes to needlessly attack and injure Plaintiff, they committed an assault and battery upon the Plaintiff. The aforesaid assault and battery upon Plaintiff was done without probable cause or any legal justification and as a consequence, entitles Plaintiff to recover punitive damages.

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff Stevenson demands a TRIAL BY JURY and the following:

(a)    that judgment be entered in favor of the Plaintiff and against all of the Defendants in their individual and official capacities for compensatory damages in an amount to be proven at the time of trial;

(b)    that judgment be entered in favor of the Plaintiff and against each of the Defendants for punitive damages in an amount to be proven at the time of trial

(c)    that the Court award reasonable attorneys' fees and expenses of litigation under 42 U.S.C. Sec. 1988, including interim and final attorneys' fees;

(d)    that all costs of this action be cast against the Defendants; and

(e)    that the Court award any additional or alternative relief as may be

(f)     deemed equitable and appropriate under these circumstances.

WARD LAW OFFICE

_____
Graylin C. Ward, Esq.
Attorney for Plaintiff
State Bar Number 736855

27 East Broad Street
Newnan, Georgia 30263
(770) 251-1289
gward@numail.org

MERIWETHER COUNTY, GA
FILED AND RECORDED

2016 MAY 16  PM 2:42

Kymethia Robinson
CLERK SUPERIOR COURT

IN THE SUPERIOR COURT OF MERIWETHER COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| Denoisyo Stevenson, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| CITY OF MANCHESTER, GEORGIA; | * | CIVIL ACTION |
| GARY COUCH, in his official | * | FILE NO. 2016-CV-0123 |
| and individual capacity as Chief of | * | |
| Police for the City of Manchester, | * | |
| Georgia; OFFICER JOEL HARPER, | * | |
| Individually and in his official capacity; | * | |
| OFFICER JOE HARRISON, Individually | * | |
| and in his official capacity and JOHN DOE | * | |
| in his official and individual capacity, | * | JURY TRIAL DEMAND |
| | * | |
| Defendants. | * | |

## PLAINTIFF DENOISYO STEVENSON'S
## FIRST NOTICE TO PRODUCE AND
## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 33 AND Rule 34 of the Georgia Rules of Civil Procedure,

Plaintiff Denoisyo Stevenson by his undersigned counsel, requests that the Defendants

produce the following documents.

## REQUESTS

REQUEST NO. 1:

1) Produce the training manual and standard operating procedures (SOP) for your

   duties as an Officer of the City of Manchester Police Department.

REQUEST NO. 2:

2) Produce a copy of your personnel file, including any disciplinary records,

   reprimands or citizen complaints.

REQUEST NO. 3:

    3) Produce the training certificate and training manual for the officers involved in the above-styled matter.

REQUEST NO. 4:

    4) Produce all copies of all fight, argument, altercation, physical or brutality complaints against the City of Manchester Police Department.

REQUEST NO. 5:

    5) Provide a copy of all photos and written reports from any prior fight, argument, altercation, physical or brutality cases.  Provide also a copy of all photos and written reports from the above-styled matter.

        This 16th day of May, 2016.

                    WARD LAW OFFICE

                    _____
                    Graylin C. Ward, Esq.
                    Attorney for Plaintiff
                    State Bar Number 736855

27 East Broad Street
Newnan, Georgia 30263
(770) 251-1289 (telephone)
(770) 251-2629 (facsimile)
gward@numail.org



MERIWETHER COUNTY, GA
FILED AND RECORDED
2016 MAY 16  PM 2:42

CLERK SUPERIOR COURT

IN THE SUPERIOR COURT OF MERIWETHER COUNTY
STATE OF GEORGIA

Denoisyo Stevenson,                    *
                                       *
    Plaintiff,                     *
                                       *
v.                                     *
                                       *
CITY OF MANCHESTER, GEORGIA;           *       CIVIL ACTION
GARY COUCH, in his official            *       FILE NO. *2016-CV-0123*
and individual capacity as Chief of    *
Police for the City of Manchester,     *
Georgia; OFFICER JOEL HARPER,          *
Individually and in his official capacity; *
OFFICER JOE HARRISON, Individually     *
and in his official capacity and JOHN DOE *
in his official and individual capacity, *       JURY TRIAL DEMAND
                                       *
    Defendants.                   *

## PLAINTIFF DENOISYO STEVENSON 'S
## FIRST SET OF INTERROGATORIES

    COMES NOW, DENOISYO STEVENSON, Plaintiff in the above-styled action and

requests that Defendants answer the following Interrogatories under oath and in accordance with

O.C.G.A. § 9-11-33, within thirty (30) days after service of said Interrogatories.

<u>Introduction</u>

    In answering these Interrogatories, furnish any and all information that is available to

you, including information that is in possession of your attorney and agents.  If you are unable to

answer any of the following Interrogatories in full, answer to the greatest extent possible,

specifying that information that you are unable to provide and the reasons that you are unable to

provide it.  You are required to supplement your responses as provided by law.

    In the event that any answer or portion thereof will be withheld because of a claim of

privilege or work products:

(a)     State the basis upon which the privilege is or will be claimed;

(b)     If a document is involved, state the author of the document, the date of the document and, the identity of the person possessing the document; and

(c)     State the general subject matter of the information or any document or portion thereof for which the privilege is claimed.

## Definitions

When used in these interrogatories and requests to produce, the following terms shall have the meanings herein assigned unless the context clearly requires another construction.

(a)     "Documents", as hereinafter used, means any original writing (handwritten, typed, printed, or otherwise reproduced) and any non-identical copies whether different from the original because of notes made upon such copies or otherwise, and includes, but not limited to, contracts, agreements, records, tape recordings, or correspondences, communications, memoranda, reports, studies, surveys, maps, summaries, minutes, notes, agenda, bulletins, notices, announcements, instructions, charts, manuals, brochures, catalogs, schedules, price lists, telegrams and teletypes of any microfilm, magnetic tapes, punch cards or other means of storing information for recall.

(b)     "Concerning" includes referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing or constituting.

(c)     The term "person" or "persons" shall mean a natural person or an artificial person, including corporations, partnerships, associations, joint ventures, or any other legally cognizable association.

(d)     With regard to a person who is an individual, the term "identify" shall require that you state his/her full name, present or last known residence address, telephone number, and present or last known business affiliation's address and telephone number.

(e)     With regard to a person other than natural person, the term "identify" shall require that you state the full name, present or last known address, its legal form (e.g., partnership, corporation, etc.), and the identity of its chief executive officer.

(f)     With regard to document, the use of the term "identify" shall require that you:

(i)     Describe its nature, e.g., letter, memorandum, etc.;

(ii)    State the identity of the author and the person, if any, to whom the document was addressed;

(iii)   In lieu of providing the information requested in (i) - (ii), you may instead append a copy of the document to your response.

(iv)    State the location of the original of the document and any copies that differ from the original; and

(v)     If the document has been altered or destroyed, identify the person who did so, the date this occurred, and the reason, if known to you.

(g)     To "identify" an oral communication shall mean to state with respect thereto:

(i)     The identification of each person who participated in the communication and the identity of each person who was present at the time such communication was made;

(ii)    The date and place where such oral communication was made;

(iii)    What each person said; and

(iv)    The identification of all documents pertaining to such oral communication.

(h)    The term "incident" shall refer to the injury Plaintiff Stevenson sustained by the hands of Defendants.

## **INTERROGATORIES**

INTERROGATORY NO. 1:

1)   As to each Defendant Officer's employment and employments history, answer:

A) The length of time at your present employment;

B) The names and addresses of all your employers during the past ten (10) years;

C) The dates of each employment;

D) The nature of each employment;

E) The average weekly wages of each employment; and

F) The reasons for termination of each employment.

INTERROGATORY NO. 2:

2)   Each Defendant Officer, state your height, weight, the nature of any physical games or sports in which you regularly engage and the number of times weekly you engage in active exercise and or strength training.

INTERROGATORY NO. 3:

3)   Each Defendant Officer, state whether you, on any occasion within five (5) years prior to the occurrence, became involved in any fight, argument, altercation, or have ever been cited, fined, penalized, demoted, or otherwise reprimanded in

which blows were struck or where threats were exchanged with a citizen during a traffic stop or the issuing of a warrant while you were an active duty officer for the City of Manchester or any other law enforcement entity, and if so, state:

A) The nature of each incident;

B) The place where each incident occurred;

C) The names of all parties involved in each incident and their present addresses or whereabouts, if known;

D) The names of any and all officers involved in each incident; and

E) An explanation as to why such canines were used.

INTERROGATORY NO. 4:

4) Each Defendant Officer, prior to the occurrence, state whether you ever uttered any threats to commit physical violence on the plaintiff or to anyone other than the plaintiff while on active duty with the police department for the City of Manchester or any other law enforcement entity, and if so, state:

    A) The person or persons to whom you uttered the threats;

    B) The time and place that each threat was uttered;

    C) What you said on each occasion; and

    D) The names of any and all canines involved in each incident; and

    E) An explanation as to why such canines were used.

INTERROGATORY NO. 5:

5) Each Defendant Officer, state whether you have ever been arrested and charged with the crime of assault and/or battery, whether on duty or off, and, if so, state:

A) The date of each arrest;

B) Where each arrest occurred; and

C) Whether your arrest in each case resulted in a conviction, an acquittal, dismissal or charges, or other disposition of the charges against you.

## INTERROGATORY NO. 6:

6) Defendant City of Manchester, identify and describe the training or experience required for an appointment as an officer of the police department of the City of Manchester.  Identify and describe any additional training or experience required for an officer of the City of Manchester Police Department.

## INTERROGATORY NO. 7:

7) Defendant City of Manchester, describe any educational requirements needed for appointment as a City of Manchester.  Describe any additional educational requirements needed for a Police Officer to the City of Manchester Police Department.

## INTERROGATORY NO. 8:

8) Defendant City of Manchester, identify and describe any suits or complaints, both formal or informal, written or oral, brought against any Officer named in this lawsuit, charging him with abuse of his lawful authority, or use of excessive force during his employment with the City of Manchester Police Department.

## INTERROGATORY NO. 9:

9) Defendant City of Manchester, identify and describe any actions taken by you, your supervisor, any investigative body or court with respect to any of the complaints identified in response to the preceding interrogatories.

INTERROGATORY NO. 10:

10) Defendant City of Manchester, describe any internal administrative procedures in existence, on or prior to the occurrence, to investigate, prevent, or determine instances of abuses of authority or excessive use of force by police officers in the Police Department.

INTERROGATORY NO. 11:

11) Defendant City of Manchester, identify and describe all police memoranda, documents, circulars, bulletins, manuals, and general orders of any kind that indicate the amount of force that is permissible in arresting an individual on an arrest warrant.

INTERROGATORY NO. 12:

12) Defendant City of Manchester, provide a concise narrative of your version of the facts in the above-styled matter.  In particular, please state the following:

    A)  The names of all parties involved;

    B)  The date and time of the incident; and

    C)  The location of the incident.

INTERROGATORY NO. 13:

13) Defendant City of Manchester, identify and describe the training or experience required for an officer with the Police department of the City of Manchester.

INTERROGATORY NO. 14:

14) Defendant City of Manchester, state the nature of your involvement in the training of the officers involved in this matter.  Specifically, state the dates and times you actively participated in training.

INTERROGATORY NO. 15:

15) Each Defendant Officer, state the nature of your involvement in the training of the officer involved in this matter.  Specifically, state the dates and times you actively participated in training.

INTERROGATORY NO. 16:

16) Provide the style and date of all cases pending lawsuit or complaints in which the named Defendant officers participated in any way.

INTERROGATORY NO. 17:

17) Describe any complaints you or the officers received prior to the date of the incident described in the above-styled complaint.

INTERROGATORY NO. 18:

18) Provide each certificate that the officer has received, specifically:

A)  Identify the party or organization who certified the officer; and

B)  Provide the address of the party or organization who certified the officer.

INTERROGATORY NO. 19:

19) Identify the race of any and all individuals that have complained about Defendant officers.

A)  The number of Black individuals whose complained about Defendant officers;

B)  The number of Latino individuals whose complained about Defendant officers;

C)  The number of White individuals whose complained about Defendant officers; and

D) The number of any other specified minority individuals whose has

Complained about Defendant officers.

INTERROGATORY NO. 20:

20) Please give the last known address of the named Defendant Harper and Defendant

Harrison.

INTERROGATORY NO. 21

21) Please give the names and address of the police department or any agency, place of

employment that Defendant Harper and Defendant Harrison presently work.

INTERROGATORY NO. 22

22) Please give the names and address of prior employment for Defendant Harper and

Defendant Harrison.

This 16th day of May, 2016.

WARD LAW OFFICE

Graylin C. Ward, Esq.
Attorney for Plaintiff
State Bar Number 736855

27 East Broad Street
Newnan, Georgia 30263
(770) 251-1289 (telephone)
(770) 251-2629 (facsimile)

# WARD LAW OFFICE

**Attorneys at Law**
27 East Broad Street
Post Office Box 1335
Newnan, Georgia 30264

Telephone (770) 251-1289

Fa:sim le (770) 251-2629

July 10, 2014

## ANTE LITEM NOTICE

**CERTIFIED MAIL**
**RECEIPT NO.:   70133020000149354406**
**RETURN RECEIPT REQUESTED**

TO:    City of Manchester
       Anthony Clifton, Mayor
       Kathy Storey, City Manager
       Kristen Price, Clerk
       City of Manchester
       P.O. Box 366
       Manchester, GA 31816-0366

RE:    Client: Denoisyo Stevenson

Dear Sir/ Madam:

Pursuant to O.C.G.A. § 36-33-5, and the relevant case law interpreting any such applying statute, the purpose of this letter is to provide you with formal notice that an actio 1 for damages will be instituted against the City of Manchester, arising out of the following incic ent:

On or about May 20, 2014, Denoisyo Stevenson was in the City of Manches ter when he was attacked and beaten by officers of the City of Manchester Police Department. Mr. Stevenson contends that the actions of the officers violated his constitutional rights.

Mr. Stevenson sustained serious bodily injuries to include a close head injury. Mr. Stevenson may need surgery for the injuries he sustained as a result of the officers' actions. As date of this letter, Mr. Stevenson's medical expenses are expected to exceed $1,000.00. It appears that Mr.

*E-mail: Graylin C. Ward- gward@numail.org*

" Exhibit A "

Stevenson's injuries will be permanent.  Mr. Stevenson's damages for medica  and pain and suffering will far exceed $100,000.00.

Therefore, this notice is made pursuant to O.C.G.A. § 36-33-5, we shall not proceed to file an action for thirty (30) days after your receipt of this notice.  Please let me hear from you in the very near future.

Sincerely,

GRAYLIN C. WARD
Attorney at Law

GCW: bmw

## WARD LAW OFFICE
**Attorneys at Law**
27 East Broad Street
Post Office Box 1335
Newnan, Georgia 30264

Telephone (770) 251-1289

Facsimile (770) 251-2629

October 24, 2014

## ANTE LITEM NOTICE

**CERTIFIED MAIL**
**RECEIPT NO.:   70133020000149354147**
**RETURN RECEIPT REQUESTED**

TO:    City of Manchester Police Department
ATTN: Chief of Police/Gray Couch
         P.O. Box 366
         Manchester, GA  31816-0366

RE:    Client: Denoisyo Stevenson
              Second Request

Dear Chief Couch:

      I mailed notice to you on July 10, 2014 regarding Mr. Stevenson's claim that unreasonable force was used against him by your officers.  As date of this letter I have not received a reply.  Please note O.C.G.A. § 36-33-5 states, "(c) Upon the presentation of such claim, the governing authority shall consider and act upon the claim within 30 days from the presentation; and the action of the governing authority, unless it results in the settlement thereof, shall in no sense be a bar to an action therefor in the courts."

      Pursuant to O.C.G.A. § 36-33-5, and the relevant case law interpreting any such applying statute, the purpose of this letter is to provide you with my second formal notice that an action for damages will be instituted against the City of Manchester, arising out of the following incident:

      On or about May 20, 2014, Denoisyo Stevenson was in the City of Manchester when he was attacked and beaten by officers of the City of Manchester Police Department.  Mr. Stevenson contends that the actions of the officers violated his constitutional rights.

*E-mail: Graylin C. Ward- gward@numail.org*

Mr. Stevenson sustained serious bodily injuries to include a close head injury. Mr. Stevenson may need surgery for the injuries he sustained as a result of the officers' actions. As date of this letter, Mr. Stevenson's medical expenses are expected to exceed $1,000.00. It appears that Mr. Stevenson's injuries will be permanent. Mr. Stevenson's damages for medical and pain and suffering will far exceed $100,000.00.

Therefore, this notice is made pursuant to O.C.G.A. § 36-33-5, we shall not proceed to file an action for thirty (30) days after your receipt of this notice. Please let me hear from you in the very near future.

Sincerely,

GRAYLIN C. WARD
Attorney at Law

GCW: bmw

# WARD LAW OFFICE

Attorneys at Law
27 East Broad Street
Post Office Box 1335
Newnan, Georgia 30264

Telephone (770) 251-1289

Fa:sim le (770) 251-2629

July 10, 2014

## ANTE LITEM NOTICE

**CERTIFIED MAIL**
**RECEIPT NO.:   70133020000149354406**
**RETURN RECEIPT REQUESTED**

TO:  City of Manchester
Anthony Clifton, Mayor
Kathy Storey, City Manager
Kristen Price, Clerk
City of Manchester
P.O. Box 366
Manchester, GA 31816-0366

RE:  Client: Denoisyo Stevenson

Dear Sir/ Madam:

Pursuant to O.C.G.A. § 36-33-5, and the relevant case law interpreting any such applying statute, the purpose of this letter is to provide you with formal notice that an actio 1 for damages will be instituted against the City of Manchester, arising out of the following incic ent:

On or about May 20, 2014, Denoisyo Stevenson was in the City of Manches ter when he was attacked and beaten by officers of the City of Manchester Police Department.  Mr. Stevenson contends that the actions of the officers violated his constitutional rights.

Mr. Stevenson sustained serious bodily injuries to include a close head injur). Mr. Stevenson may need surgery for the injuries he sustained as a result of the officers' actions.  As date of this letter, Mr. Stevenson's medical expenses are expected to exceed $1,000.00.  It appears that Mr.

Stevenson's injuries will be permanent. Mr. Stevenson's damages for medica and pain and suffering will far exceed $100,000.00.

Therefore, this notice is made pursuant to O.C.G.A. § 36-33-5, we shall not p oceed to file an action for thirty (30) days after your receipt of this notice. Please let me hear from you in the very near future.

Sincerely,

GRAYLIN C. WARD
Attorney at Law

GCW: bmw

# WARD LAW OFFICE

**Attorneys at Law**
27 East Broad Street
Post Office Box 1335
Newnan, Georgia 30264

Telephone (770) 251-1289

Facsimile (770) 251-2629

October 24, 2014

## ANTE LITEM NOTICE

**CERTIFIED MAIL**
**RECEIPT NO.:   70133020000149354154**
**RETURN RECEIPT REQUESTED**
**AND REGULAR MAIL**

TO:   City of Manchester
         Anthony Clifton, Mayor
         Kathy Storey, City Manager
         Kristen Price, Clerk
         City of Manchester
         P.O. Box 366
         Manchester, GA 31816-0366

RE:   Client: Denoisyo Stevenson
                 Second Request

Dear Sir/ Madam:

I mailed notice to your office on July 10, 2014 of Mr. Stevenson's claim that your officers use unreasonable force on him.  As date of this letter I have not received a reply.  Please note that O.C.G.A. § 36-33-5 states, "(c) Upon the presentation of such claim, the governing authority shall consider and act upon the claim within 30 days from the presentation; and the action of the governing authority, unless it results in the settlement thereof, shall in no sense be a bar to an action therefor in the courts."

Therefore, pursuant to O.C.G.A. § 36-33-5, and the relevant case law interpreting any such applying statute, the purpose of this letter is to provide you with my *second formal notice* that an action for damages will be instituted against the City of Manchester, arising out of the

*E-mail: Graylin C. Ward- gward@numail.org*

following incident:

On or about May 20, 2014, Denoisyo Stevenson was in the City of Manchester when he was attacked and beaten by officers of the City of Manchester Police Department. Mr. Stevenson contends that the actions of the officers violated his constitutional rights.

Mr. Stevenson sustained serious bodily injuries to include a close head injury. Mr. Stevenson may need surgery for the injuries he sustained as a result of the officers' actions. As date of this letter, Mr. Stevenson's medical expenses are expected to exceed $1,000.00. It appears that Mr. Stevenson's injuries will be permanent. Mr. Stevenson's damages for medical and pain and suffering will far exceed $100,000.00.

Therefore, this notice is made pursuant to O.C.G.A. § 36-33-5, we shall not proceed to file an action for thirty (30) days after your receipt of this notice. Please let me hear from you in the very near future.

Sincerely,

GRAYLIN C. WARD
Attorney at Law

GCW: bmw

# SHERIFF'S ENTRY OF SERVICE

Civil Action No. _2016-CV-0123_

Date Filed _5/16/2016_

| | | | |
|---|---|---|---|
| Superior Court | ☒ | Magistrate Court | ☐ |
| State Court | ☐ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Georgia, _Meriwether_ COUNTY

_Denoisyo Stevenson_

_____
Plaintiff

Attorney's Address

_Graylin Ward_
_27 East Broad St_
_Newnan, GA 30263_

VS.

_City of Manchester etal_

_____
Defendant

Name and Address of Party to be Served.

_Gary Couch, Police Chief_
_120 W. 2nd Street_
_Manchester, GA 31816_

_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐  I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☒  I have this day served the defendant _Gary Couch_ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _Shannon Bowman_ described as follows: age, about _44_ years; weight _____ pounds; height, about _5_ feet and _7_ inches; domiciled at the residence of defendant.

**CORPORATION** ☐  Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐  I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class, in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed theron containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐  Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _18th_ day of _May_, 20 _16_

_Kevin Lurgie #152_
DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE - CLERK   CANARY - PLANTIFF   PINK - DEFENDANT

# SHERIFF'S ENTRY OF SERVICE

Civil Action No. _2016-CV-0123_

Date Filed _5/16/2016_

| | |
|---|---|
| Superior Court | ☒ |
| State Court | ☐ |
| Juvenile Court | ☐ |
| Magistrate Court | ☐ |
| Probate Court | ☐ |

Georgia, _Meriwether_ COUNTY

_Denoisyo Stevenson_

_____
Plaintiff

Attorney's Address

_Graylin WARD_
_27 E. Broad St_
_NewNAN, GA 30263_

vs.

_City of Manchester etal_

_____
Defendant

Name and Address of Party to be Served.

_Joe Harrison Officer/individual_
_120 W. 2nd Street_
_Manchester, GA 31816_

_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☒
I have this day served the defendant ___ _Joe Harrison_ ___ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of ___ _Shannon Bowman_ ___ described as follows:
age, about ___ _44_ ___ years; weight _____ pounds; height, about ___ _5_ ___ feet and ___ _7_ ___ inches, domiciled
at the residence of defendant.

**CORPORATION** ☐
Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door
of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the
United States Mail, First Class, in an envelope properly addressed to the defendant(s) at the address shown in said summons,
with adequate postage affixed theron containing notice to the defendant(s) to answer said summons at the place stated in the
summons.

**NON EST** ☐
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _18th_ day of _May_, 20 _16_

_____ #152
DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE - CLERK   CANARY - PLANTIFF   PINK - DEFENDANT

# SHERIFF'S ENTRY OF SERVICE

Civil Action No. 2016-CV-0123

Date Filed 5/16/2016

Superior Court [X]   Magistrate Court [ ]
State Court [ ]   Probate Court [ ]
Juvenile Court [ ]

Georgia, Meriwether COUNTY

Denvisyo Stevenson

_____ Plaintiff

Attorney's Address

Graylin Ward
27 E Broad St
Newnan GA 30263

VS.

City of Manchester etal

_____ Defendant

Name and Address of Party to be Served.

Joel Harper, officer/industral
120 W. 2nd Street
Manchester, GA 31816

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** [ ]
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS** [X]
I have this day served the defendant Joel Harper by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of Shanan Bowman described as follows:
age, about 44 years; weight _____ pounds; height, about 5 feet and 7 inches, domiciled
at the residence of defendant.

**CORPORATION** [ ]
Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** [ ]
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door
of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the
United States Mail, First Class, in an envelope properly addressed to the defendant(s) at the address shown in said summons,
with adequate postage affixed theron containing notice to the defendant(s) to answer said summons at the place stated in the
summons.

**NON EST** [ ]
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This 18th day of May, 20 16

Kevin J. Lungi #152
DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE - CLERK   CANARY - PLANTIFF   PINK - DEFENDANT

# SHERIFF'S ENTRY OF SERVICE

Superior Court ☒   Magistrate Court ☐
State Court ☐   Probate Court ☐
Juvenile Court ☐

Civil Action No. *2016-CV-0123*

Date Filed *5/16/2016*

Georgia, *Meriwether* COUNTY

*Denoisyo Stevenson*

_____ Plaintiff

Attorney's Address
*Graylin Ward*
*27 East Broad St*
*Newnan, GA 30263*

VS.

*City of Manchester etal*

_____ Defendant

Name and Address of Party to be Served.
*City of Manchester, Clerk/Mayor*
*116 W. 2nd Street*
*Manchester, GA 31816*

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☒
I have this day served the defendant *City of Manchester* by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of *Shannon Bowman* described as follows:
age, about *44* years; weight _____ pounds; height, about *5* feet and *7* inches, domiciled
at the residence of defendant.

**CORPORATION** ☐
_____ a corporation
Served the defendant _____
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door
of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the
United States Mail, First Class, in an envelope properly addressed to the defendant(s) at the address shown in said summons,
with adequate postage affixed theron containing notice to the defendant(s) to answer said summons at the place stated in the
summons.

**NON EST** ☐
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This *18th* day of *May*, 20 *16*

_____ #152 DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE - CLERK   CANARY - PLANTIFF   PINK - DEFENDANT

# General Civil Case Filing Information Form (Non-Domestic)

MERIWETHER COUNTY, GA
FILED AND RECORDED

**Court**
☒ Superior
☐ State

County _Meriwether_   Date Filed _6/2/16_
                                    MM-DD-YYYY

Docket # _2016-CV-0123_

2016 JUN -2  AM II: 10

_Kuymestria T. Gibson_
CLERK SUPERIOR COURT

**Plaintiff(s)**

_Stevenson Denoisyo_
Last    First    Middle I.  Suffix  Prefix  Maiden

Last    First    Middle I.  Suffix  Prefix  Maiden

Last    First    Middle I.  Suffix  Prefix  Maiden

Last    First    Middle I.  Suffix  Prefix  Maiden

**No. of Plaintiffs** _1_

**Plaintiff/Petitioner's Attorney**      ☐ Pro Se

Last         First         Middle I.    Suffix

Bar # _____

**Defendant(s)**

_City of Manchester_
Last    First    Middle I.  Suffix  Prefix  Maiden

_Gary Couch_
Last    First    Middle I.  Suffix  Prefix  Maiden

_officer Joel Harper_
Last    First    Middle I.  Suffix  Prefix  Maiden

_officer Joe Harrison_
Last    First    Middle I.  Suffix  Prefix  Maiden

**No. of Defendants** _5_

## Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Presonal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgement Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☒ Tort (If tort, fill in right column)

☐ Other General Civil Specify_____

## If Tort is Case Type:
### (Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☒ Other Specify _Assault & Battery_

**Are Punitive Damages Pleaded?** ☒ Yes ☐ No

☒ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MERIWETHER COUNTY, GEORGIA

**2016-CV-0123**

JUN 15, 2016 02:24 PM

*Kyemeshia T. Gibson*
Kyemeshia "Kye" T. Gibson, Clerk
Meriwether County, Georgia

# IN THE SUPERIOR COURT OF MERIWETHER COUNTY
## STATE OF GEORGIA

DENOISYO STEVENSON,                     )
                                        )
    Plaintiff,                          )
                                        )
v.                                      )          CIVIL ACTION
                                        )
CITY OF MANCHESTER, GEORGIA;            )    FILE NO.   2016-CV-0123
GARY COUCH, in his official and individual )
capacity as Chief of Police for the City of )
Manchester, Georgia; OFFICER JOEL       )
HARPER, INDIVIDUALLY AND IN his         )
official capacity; OFFICER JOE HARRISON, )
Individually and in his official capacity and )
JOHN DOE in his official and individual )
capacity,                               )
                                        )
    Defendants.                         )


## DEFENDANTS' DEMAND FOR JURY TRIAL

    COMES NOW, Defendants City of Manchester, Georgia; Gary Couch, Officer Joel Harper; and Officer Joe Harrison and hereby demand a jury at the trial of this case.

    This 15th day of June, 2016.       Respectfully submitted,

                      DERMER APPEL RUDER, LLC

                      By:   */s/ Adam L. Appel*
                         ADAM L. APPEL
                         STATE BAR NO.: 020765
                         *Attorney for Defendants*

Dermer Appel Ruder, LLC
6075 The Corners Pkwy., Ste. 210
Peachtree Corners, Georgia 30092
P:  (404) 881-2622
F:  (404) 892-8886
aappel@darlawllc.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **Defendant's Jury Demand** upon the Clerk of the Court and upon all parties using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Graylin C. Ward, Esq.
27 East Broad Street
Newnan, Georgia 30263
gward@numail.org
(770) 251-1289

This 15th day of June, 2016.

/s/ Adam L. Appel
ADAM L. APPEL
State Bar No.: 020765
*Attorneys for Defendants*

Dermer Appel Ruder, LLC
6075 The Corners Pkwy., Ste. 210
Peachtree Corners, Georgia 30092
P:  (404) 881-2622
F:  (404) 892-8886
aappel@darlawllc.com