**IN UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| DENOISYO STEVENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF MANCHESTER, | ) | CIVIL ACTION FILE NO. |
| GEORGIA; GARY COUCH, in his | ) | |
| official and individual capacity as | ) | 3:16-CV-00096-TCB |
| Chief of Police for the City of | ) | |
| Manchester, Georgia; OFFICER | ) | |
| JOEL HARPER, INDIVIDUALLY | ) | |
| AND IN his official capacity; | ) | |
| OFFICER JOE HARRISON, | ) | |
| Individually and in his official | ) | |
| capacity and JOHN DOE in his | ) | |
| official and individual capacity, | ) | |
| | | |
| Defendants. | | |

**BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS**

COME NOW Defendants, The City of Manchester, Georgia, Gary Couch, Joel Harper and Joe Harrison, and pursuant to Federal Rule of Civil Procedure 12(b)(6) file this Brief in Support of their Partial Motion to Dismiss. Plaintiff's Complaint fails to state claims against the City of Manchester and against Defendant Couch in his individual and official capacity, and against Defendants Harper and Harrison in their official capacities.  Defendants therefore seek dismissal with prejudice of all claims against the City and Chief Couch, all official capacity claims

against the individual defendants and the Plaintiff's claims made pursuant to 42 U.S.C. §§ 1985 and 1986, and claims brought for violations  constitutional rights under the First, Fifth, Eight and Fourteenth Amendments to the U.S. Constitution. In support, Defendants show the Court as follows:

## I. <u>FACTS AS ALLEGED BY PLAINTIFF</u> [1]

On May 20, 2014, Plaintiff allegedly ran from Defendant Joel Harper, a City of Manchester Police Officer, who was questioning Plaintiff in connection with a report of a "male exposing himself in public." (Complaint ¶ 8).  Plaintiff alleges that Defendant Harper tasered him as he fled from Defendant Harper. (Complaint ¶ 9).  Subsequently, Defendant Joe Harrison, also a City of Manchester Police Officer, arrived.  Plaintiff alleges that the two officers then proceeded to continue to taser him and physically strike him while he was on the ground and incoherent. (Complaint ¶ 10).  Plaintiff further contends that not until after they had "viciously beaten and unlawfully tasered" him did they obtain medical treatment for him.  (Complaint ¶ 12).  In Count I and II of his Complaint Plaintiff alleges that Defendants Harper and Harrison used excessive force in violation of his rights under the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States

---

[1] Defendants do not concede that the facts as alleged are true but rather recognize that they must be presumed to be true for purposes of the instant motion.

Constitution pursuant to 42 U.S.C. § 1983, and that their conduct deprived him of rights guaranteed under the Georgia Constitution. (Complaint ¶¶ 19, 23).

Count III, in which Plaintiff attempts to state a *Monell* claim against the City and Chief Couch, is severely deficient and subject to dismissal for a number of reasons. Here, Plaintiff falls far short. Plaintiff fails to properly allege any facts to support his claim that the City had a policy or custom of committing or being deliberately indifferent to constitutional violations, fails to identify the official policymakers behind the supposed policy or custom, and fails to allege how the policy or custom caused the alleged violation.  (Complaint ¶ 4).

## II. STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint is subject to dismissal if it does not "state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).   The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level."  *Twombly,* 550 U.S. at 555.   "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.*

In applying *Twombly* and *Iqbal*, the Eleventh Circuit has instructed the district courts to "eliminate any allegations in the complaint that are merely legal conclusions," and "where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (citations omitted). At this stage, "courts may infer from the factual allegations in the complaint obvious alternative explanation[s], which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id*. "'[U]nwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Sinaltrainal v. Coca-Cola*, 578 U.S. 1252, 1260 (11th Cir. 2009) (citations omitted). Moreover, a plaintiff cannot deflect an attack on conclusory allegations with a promise to "flesh them out" after discovery. See *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006) ("[T]he discovery rules do not permit the appellants to go on a fishing expedition.").

"A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations—on their face—show that an affirmative defense bars recovery on the claim." *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001). Immunity defenses are properly adjudicated at the Rule 12(b)(6) stage because the plaintiff

bears the ultimate burden of showing that an immunity should be abrogated. *See id*. at 1022-23.

The Eleventh Circuit has held that a plaintiff bringing a claim pursuant to 42 U.S.C. § 1983 claim is subjected to a heightened pleading standard. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1362 (11th Cir. 2003); *Harper v. Lawrence County*, 592 F.3d 1227, 1233 (11th Cir. 2010). Based on the above standards, it is appropriate for this Court to grant the Defendants' Partial Motion to Dismiss and grant the relief requested.

### III. ARGUMENT AND CITATIONS TO AUTHORITY

**A.   Plaintiff's 42 U.S.C. § 1983 Claim Against The Individual Defendants In Their "Official Capacities" Should Be Dismissed.**

Plaintiff has asserted official capacity claims against Defendants Couch, Harper and Harrison under § 1983.  However, such claims are actually claims against the City of Manchester,  also a Defendant in this action.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68 (1989); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Lawsuits against individual Defendants in their official capacities are duplicative of suits against the City.   Accordingly, Defendants Couch, Harper and Harrison

respectfully request that this Court dismiss Plaintiff's federal claim against them in their official capacities.

**B.    Plaintiff's 42 U.S.C. § 1983 Claim Against The City of Manchester Should Be Dismissed.**

It is black letter law that "a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978). A municipal government, like The City of Manchester, may only be held liable under 42 U.S.C. § 1983 where an official policy or custom of the municipality causes the alleged constitutional injury.  *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998).  Municipal entities cannot be held liable simply for employing an alleged tortfeasor.  *Board of County Commissioners of Bryan County, Okla. v. Brown*, 520 U.S. 397 (1997); *Riley v. Newton*, 94 F.3d 632, 638 (11th Cir. 1996).  A "policy" is a decision officially adopted by the municipality or created by an official of such rank that he or she is acting on behalf of the municipality.  *Pembauer v. City of Cincinnati*, 475 U.S. 469 (1986).  "Policy" denotes a specific decision or set of decisions designed to carry out a chosen course of action. *Id.*, *see also City of Oklahoma v. Tuttle*, 471 U.S. 808, 823 (1985).  A "custom", on the other hand, is a practice so well-settled and permanent that it takes on the force of law.  *Adickes v. S.H. Kress and Co.*, 398 U.S. 144 (1979); *Depew v.*

*City of St. Mary's* 787 F.2d 1496, 1999 (11th Cir. 1986); *Anderson v. City of Atlanta*, 778 F.2d 678, 685 (11th Cir. 1985); *McMillian v. City of Lockmart*, 653 F.2d 907, 910 (5th Cir. 1981).

Proof of a single incident of unconstitutional activity, as has been alleged in this case, is not sufficient to impose liability against a municipality. *Tuttle*, 471 U.S. at 823-24. "A single incident would not be so pervasive as to be a custom**,"** *Grech v. Clayton County*, 335 F.3d 1326, 1330 n.6 (11th Cir. 2003), because a custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it. "*Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991). This requirement of proof "prevents the imposition of liability based upon an isolated incident, "*McDowell v. Brown* 392 F.3d 1283, 1290 (11th Cir. 2004), and "'ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality.'" *Id.* (*quoting Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997). "In the absence of a series of constitutional violations from which deliberate indifference can be inferred, the plaintiff must show that [a] policy itself is unconstitutional." *Estate of Novack ex rel. Turbin v. Cnty. of Wood*, 226 F.3d 525, 531 (7th Cir. 2000). Unless a policy itself is unconstitutional,

considerably more proof than the single incident will be necessary in order to establish both the requisite fault on the part of the municipality and the casual connection between a policy and the alleged constitutional deprivation. *Tuttle*, 471 U.S. at 823-824; *Pembauer v. City of Cincinnati*, 475 U.S. 469, 480 (1986); *Williams v. City of Albany*, 936 F.2d 1256, 1261 (11th Cir. 1991).

In light of the exacting requirements that ensure municipalities are "held liable only for those deprivations resulting from the decisions of its duly constituted legislative body," *McDowell*, 392 F.3d at 1290, district courts in the 11th Circuit have dismissed vague and conclusory *Monell* claims, including claims even more factually supported than the one presented here. For example, in *Whitaker v. Miami-Dade County*, the district court dismissed the plaintiffs' *Monell* claims against the County, finding the allegations "insufficient to state a claim for an unofficial County policy of permitting police officers to use excessive force" where the plaintiffs alleged four shooting incidents were caused by an unofficial County policy. *Whitaker v. Miami-Dade Cnty.*, No. 13-cv-24450-JAL, DE 65 (S.D. Fla. Feb. 20, 2015). The *Whitaker* court found four isolated incidents could not "establish a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Id*. at 10 (citations and internal quotation marks omitted).

Here, Plaintiff's federal claim against the City and Chief Couch should be dismissed because Plaintiff has failed to plead that any formal or informal policy, practice or custom of the City of Manchester, as promulgated by Defendant Chief Couch, whom Plaintiff pleads was an official policy maker for the City, was the moving force behind the alleged violation of his constitution right to be free from excessive force. Plaintiff's federal claim also fails because he has failed to plead any allegation that the City ratified the Defendant officers' alleged unconstitutional acts and the basis for them. In his complaint, Plaintiff has completely failed to identify the existence of any formal or informal policy, custom or practice of the City that condoned, authorized, encouraged or approved excessive use of taser force, has failed to plead with sufficient that unreasonable and excessive force was widespread throughout the City and known and approved by City officials – specifically Defendant Couch - or to plead that there was a failure to train or supervise Defendants Harper and Harrison regarding the use of a taser.

Plaintiff makes only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678, 126 S. Ct. at 1949. He alleges that the City has "maintained an inadequate system of reviewing the use of force of the police officers" and "failed to discipline, more closely supervise, or restrain their officers from the improper use of force." (Complaint ¶

26). He further alleges that the City and Chief Couch have maintained policies that "encouraged the use of excessive force." (Complaint ¶ 27). He provides no facts that could indicate a persistent and widespread practice, written or unwritten, that might have led to the alleged use of excessive force, but alleges that "upon information and belief" the individual officers were engaged in prior incidents of excessive force. (Complaint ¶ 28). Plaintiff makes passing reference to the case of Stevenson Hurston, which reportedly also occurred on May 20, 2014, the same day this Plaintiff was allegedly subjected to excessive force. *Id*.   In the end, Plaintiff's Complaint alleges no prior occurrence – but instead the purported incident of excessive force of Mr. Hurston, and the alleged use of force against him, both occurring on May 20, 2014. These alleged actions, alone or together cannot serve as the basis for a section 1983 claim against the City of Manchester. As such, Plaintiff's federal claim against the City of Manchester and Chief fail as a matter of law, as he has failed to make a plausible showing of liability on the part of the City.

**C.     Chief Couch Is Entitled To Qualified Immunity On Plaintiff's Federal Constitutional Claims against Him In His Individual Capacity.**

Defendant Couch, sued in his individual capacity, is entitled to qualified immunity with respect to Plaintiff's federal constitutional claims and, therefore, the claims against him should be dismissed as a matter of law. Qualified immunity

protects governmental defendants sued in their individual capacities so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The doctrine protects not only against liability, but the need for government officials to even defend against baseless lawsuits. *Harlow v. Fitzgerald*, 457 U.S. 800, 812 (1982). The immunity is decided as a matter of law and is effectively lost if a case is erroneously permitted to go to trial. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Wilson v. Layne*, 526 U.S. 603, 609, 119 S.Ct. 1692 (1999); *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (citing *United States Dep't of State v. Ray*, 502 U.S. 164, 179 (1991) ("We must also keep in mind the fact that '[w]e generally accord . . . official conduct a presumption of legitimacy'."). Because this defense should be resolved at the earliest possible stage of litigation, it is proper for the district court to rule on qualified immunity during a motion to dismiss.

"Qualified immunity focuses on the actual, specific details of concrete cases." *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034 (1987). In the qualified immunity analysis, the relevant question to be answered is the "objective (albeit fact specific) question," of whether a "reasonable officer" would have believed the defendant's action to be lawful in light of clearly established law and the information

11

possessed by the defendant. *Anderson*, 483 U.S. at 641. To avail of the immunity, a defendant must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. *Vinyard*, 311 F.3d at 1346. Once this showing is made, the burden shifts to the plaintiff to show that the law was clearly established. *Id*. A plaintiff can meet this burden only by pointing to constitutional provisions, federal statutes, and binding judicial decisions of the United States Supreme Court, the Eleventh Circuit, and the Georgia Supreme Court clearly establishing the law. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1200 n.6 (11th Cir. 2007); *Marsh*, 268 F.3d at 1033 n.10.

### 1.   Chief Couch was acting within his discretionary authority.

When determining whether defendants were engaged in discretionary acts, the question that must be answered is whether they were pursuing legitimate job-related goals through means that were within their power to utilize. *Holloman v. Harland*, 370 F.3d 1252, 1266 (11th Cir. 2004). The inquiry does not focus on whether it was within a defendant's authority to commit the allegedly illegal act. *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998). Rather, the question is "whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties." *Id.* (*quoting In re Allen*, 106 F.3d 582, 594 (4th Cir. 1997)). Courts look to the "general nature of

12

the defendant's action, putting aside the fact that it may have been committed for an unconstitutional purpose, in an unconstitutional manner, to an unconstitutional extent, or under constitutionally inappropriate circumstances." *Holloman,* 370 F.3d at 1266.

Plaintiff alleges that at all times referred to in his Complaint, Defendant Couch was acting in the scope of his employment with the City of Manchester.  Further, the allegations of Plaintiff's Complaint relative to the alleged conduct engaged in by Defendant Couch makes clear that he was acting within his discretionary capacity when he purportedly acted related to the events of alleged in Plaintiff's Complaint. Therefore, the burden shifts to Plaintiff to show a violation of a clearly established constitutional right.

### 2. Defendant Couch did not deprive Plaintiff of any constitutional right.

Plaintiff has failed to allege any conduct by Defendant Couch that has been clearly established to violate the constitution.  Therefore, Plaintiff cannot show that Defendant Couch had notice that his alleged conduct would violate Plaintiff's First, Fourth, Fifth, Eight and Fourteenth Amendment rights.  Plaintiff's claim against the

Defendants arise solely out of his right to be free from excessive force.[2]  Because the inherent nature of such a claim, and the facts alleged by Plaintiff, establish that the alleged violation of the right was in fact completed and accomplished by the alleged acts of Defendants Harper and Harrison alone, Plaintiff must allege facts to show that Defendant Couch also "subject[ed] or cause[d] the plaintiff to be subjected" to a deprivation of some federally protected right.  42 U.S.C. § 1983.  Otherwise, his claims are subject to dismissal.

### a.    No Personal Participation by Defendant Couch

Plaintiff has not alleged that Defendant Couch was present for and during the alleged incident of excessive force, and has not alleged that Defendant Couch was in any way responsible for the occurrence of the alleged incident.  Thus, Defendant Couch is entitled to qualified immunity because there is no clearly established law that his alleged actions would violate Plaintiff's constitutional rights.

Plaintiff has failed to allege in his Complaint a causal connection between Plaintiff's alleged constitutional deprivations, to be free from excessive force, and the alleged actions or inactions of Defendant Chief Couch.  Accordingly, Plaintiff's

---

[2] *Williams v. Bennett*, 689 F.2d 1370 (11th Cir. l982), *cert. denied,* 464 U.S. 932 (1983) (stating that a plaintiff "must prove that each individual defendant proximately caused the unconstitutional conditions in the prison."

individual capacity claims against Defendant Couch made pursuant to §1983 should be dismissed. *See Parks v. City of Carrollton*, 2005 U.S. App. LEXIS 19917 (11th Cir. Sep. 14, 2005) (holding that the district court properly granted summary judgment to police chief in his individual capacity because he was not present at the plaintiff's arrest and could not have had any involvement in the alleged use of excessive force); *see also Hill v. Mull*, 2006 WL 3022280 *9 (M.D. Ga. Oct. 23, 2006) (holding that defendant police chief could not be individually liable under § 1983 because (1) he was not present during the alleged constitutional violation and (2) there was no causal connection between the chief's actions and the alleged constitutional deprivations).

> **b.    Defendant Couch cannot be held liable on a theory of supervisory liability[3]**

To the extent Plaintiff's allegations suggest that Chief Couch is liable as alleged supervisors, such claim still cannot survive.  The law is well established that there must be a clear causal connection between conduct of the supervisor, and the deprivation, in order for a supervisor not directly involved in a deprivation of rights to become liable under section 1983.  *See Hill v. DeKalb Reg'l Youth Det. Ctr*., 40

---

[3] For the reasons set forth herein, the City of Manchester is also entitled to dismissal from Plaintiff's federal constitutional claims.

F.3d 1176, 1192 (11th Cir. 1994) ("To recover individually from Lewis and Wilkinson, who were in supervisory or policymaking capacities, the Hills must show that they are liable either through their 'personal participation' in the acts comprising the alleged constitutional violation or 'the existence of a causal connection' linking their actions with the violation.") (citation omitted), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730 (2002).  Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability.  *Cottone v Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Rather, the supervisor must either personally participate in the unconstitutional conduct or there must be a causal connection between the supervisor's acts and the alleged constitutional violation.  *Oladeinde v. City of Birmingham*, 230 F.3d 1275, 1295 (11th Cir. 2000) (*quoting Denno v. School Bd. of Volusia Count*y, 218 F.3d 1267, 1276 (11th Cir.2000).

A supervisor may thus be liable only if he: "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Goebert v. Lee* County, 510 F.3d 1312, 1331 (11th Cir. 2007); *see also McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004); *see also City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  Furthermore, there

must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Harris*, 489 U.S. at 385. "It is only when the execution of the government's policy or custom … inflicts the injury that the municipality [or policymaker] may be held liable under § 1983."[4] *Gold,* 151 F.3d at 1350. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1163–64 (10th Cir. 2008) (finding liability under § 1983 for a police chief who directly ordered an unlawful arrest); *Howell v. Tanner*, 650 F.2d 610, 615 (5th Cir. 1981) (dismissing a § 1983 claim against a police chief who did not directly order an unlawful arrest or dictate a custom or policy that led to the arrest), *overruled in part on other grounds by Augustine v. Doe*, 740 F.2d 322 (5th Cir. 1984); *Cottone*, 326 F.3d 1352, 1360 ("[T]he causal connection may be established . . . when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.").

Although Plaintiff summarily alleges that Defendants acted pursuant to the policies, practices, procedures and customs of the City of Manchester and Chief Couch, Plaintiff alleges no specific policy, custom or practice promulgated by

---

[4] Further, in order for a plaintiff to demonstrate a policy or custom, it is generally necessary to show a persistent and wide-spread practice." *McDowell*, 392 F.3d at 1290. Plaintiff has failed to plead allegations which satisfy this standard.

Defendant Couch that resulted in a violated of Plaintiff's constitutional rights or that he has final policymaking authority.  Plaintiff has not sufficiently pleaded that Defendant Couch directed, ordered, participated in, authorized or approved the alleged unconstitutional actions by Defendants Harper and Harrison that Plaintiff contends contributed to the alleged deprivation of his constitutional right. Therefore, Plaintiff's claims are subject to dismissal.

### c.      Plaintiff's claims also fail under a ratification theory[5]

To the extent that Plaintiff seeks to hold Defendants liable for alleged violation of his constitutional rights under a ratification theory, such claim also fails. "For plaintiffs to state a successful 1983 claim against a municipality based on a ratification theory, …they must demonstrate that local government policymakers had an opportunity to review the subordinate's decision and agreed with both the decision and the decision's basis." *Garvie v. City of Ft. Walton Beach, FL.*, 366 F. 3d 1186, 1189 (11th Cir. 2004) (quoting *Thomas v. Roberts*, 261 F.3d 1160, 1175, n. 12 (11th Cir. 2001).

---

[5] For the reasons set forth herein, the City is also entitled to dismissal from Plaintiff's federal constitutional claims.  A city can only act through its policy makers, and Plaintiff <u>has alleged that Defendants Couch was the City's policy makers</u>.  Thus, if he committed no violation, the City is not liable.

Even assuming Chief Couch was a final policymaker, the Plaintiff has not sufficiently alleged facts that he approved the individual officers' decision to discharge their Taser on the Plaintiff, or their reasons for doing so. There are no allegations that Chief Couch was aware of the facts underlying Harper or Harrison's decision to discharge their Tasers, that he had an opportunity to review their decisions, or that he agreed with the decisions and their basis. Without allegations that establish ratification, Plaintiff's allegations, to the extent plead, that Defendant Couch either ratified or deliberately ignored an unconstitutional custom or policy cannot survive Defendant's Motion. [6]

## D. Plaintiff's Conspiracy Claim Should Be Dismissed

In his Complaint, Plaintiff makes a vague reference to a conspiracy on the part of Defendants to "hide and cover up the aforementioned unwarranted physical attack

---

[6] Moreover, the policymaker must have notice of the police misconduct resulting from the custom or policy and must demonstrate "deliberate indifference" towards correcting it. *See Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1987). It is insufficient for a plaintiff to merely allege that the City, and/or its alleged policy makers had notice of a complaint about alleged police misconduct; rather, a plaintiff must show the City had notice of complaints that were demonstrated to have merit. *Id*. Here, though Plaintiff summarily alleges that Defendant Couch knowingly approved the officers' decisions and actions in the alleged use of excessive force by failing to investigate constitutes ratification of their actions. (Complaint ¶ 30) However, Plaintiff's allegations do not support such generalized conclusions.

upon Plaintiff." (Complaint ¶7).  Plaintiff alleges violations of 42 U.S.C. §1985 and 1985, but provides not details beyond what is alleged in paragraph 7 of the Complaint.    However, Plaintiff's conspiracy claims are barred by the one-year statute of limitations in § 1986.

In addition, to the extent plaintiffs are alleging a conspiracy among these defendants, any such claim is barred by the intracorporate conspiracy doctrine. *See e.g. McAndrew v. Lockheed Martin Corp*., 206 F.3d 1031, 1036 (11 Cir. 2000); *Aque v. Home Depot U.S.A., Inc.*, 629 F. Supp. 2d 1336, 1343 (N.D. Ga. 2009)

To the extent the conspiracy claim is premised upon, §1985(3), it requires some racial invidiously discriminatory animus behind the conspirators' alleged conduct. *See Puglise v. Cobb County, Georgia*, 4 F. Supp. 1172, 1181-1182 (N.D. Ga. 1998). No such allegations are made in plaintiff's complaint. Accordingly, for these reasons Plaintiff's conspiracy claims should be dismissed.

**E.  Plaintiff's 5th Amendment Claims Should be Dismissed**

Plaintiffs' claims under the 5th Amendment do not make sense on the facts of this case. There is no allegation that Plaintiff's 5th Amendment rights were violated. Plaintiff has not any alleged claims concerning the right to be free from self - incrimination or the right to due process, such claims could only be levied against

judicial officers not named in this suit. Moreover, since there was no allegation that any actions in this case occurred under color of federal law, Plaintiffs' 5th Amendment claims must be dismissed. The Fifth Amendment is applicable to th*e actions of federal, not state government. See Barron v. Mayor & City Council*, 32 U.S. 243 (1833); *Johnson v. Cannon*, 947 F. Supp. 1567, 1572 (M.D. Fla. 1996).

## F.  Plaintiff's 8th Amendment Claims Should Be Dismissed

The Eighth Amendment is only implicated when there is the conviction of a crime because that amendment is intended simply to prohibit conduct that constitutes punishment. *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861 (1979). Plaintiff was not convicted of a crime, and there are no allegations of conduct which constituted punishment as a result of a conviction. Thus, the implementation of the Eighth Amendment is inapplicable. Accordingly, the court should grant the Defendant's Motion to Dismiss as to any alleged Eighth Amendment violation.

## G. Plaintiff's First Amendment Claims Should Be Dismissed

The First Amendment to the United States Constitution prohibits Congress from making any laws that infringe upon a person's right to freedom of speech. Article 1, §1, ¶5 of the 1983 Georgia Constitution states "no law shall be passed to curtail or restrain the freedom of speech or of the press.  In order to state a retaliation claim, "a plaintiff must establish first, that his speech or act was constitutionally

protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). Notably, a "mere retaliatory act" is not enough to give rise to an actionable claim. *Id.* at 1252. Rather, a plaintiff must also allege sufficient facts to show that his First Amendment rights were adversely affected by the alleged retaliation. *Id. See also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In no sense does Stevenson's complaint state a plausible First Amendment claim against the individual officers.  (See Complaint ¶19(g)).  In the absence of factual allegations tying any alleged protected speech to the officers' alleged action, Plaintiff has failed to set forth a colorable claim against Defendants Harper and Harrison. Where, as here, a complaint fails to set forth sufficient factual matter to establish the elements of a First Amendment retaliation claim, the Defendants are entitled to the grant of a motion to dismiss based upon qualified immunity  See. *Muldrow v. Davis*, 433 F. App'x 888, 890 (11th Cir. 2011) (reversing denial of motion to dismiss where plaintiff failed to provide sufficient factual matter to support First Amendment retaliation claim).

**H. Plaintiff's Race Hatred Claim Should Be Dismissed**

In his Complaint, Plaintiff makes vague allegations to a race hatred claim against the Defendant Officers (Complaint ¶ 33). He alleges in conclusory fashion that he was assaulted because of his race, African-American and due to the Officers racial animus.  It appears that he asserts this claim based on a violation of this 14th Amendment rights, but that is not articulated in the Complaint.

Under any analysis, the questioning of Plaintiff for allegedly indecent exposure did not violate Plaintiffs' constitutional rights. Moreover, all of the individual Defendants were acting within their discretionary authority when they questioned and pursued him. They had at least arguable probable cause to do so, and are entitled to qualified immunity. Plaintiffs pointed to no clearly established law that would have put Defendants on notice that their actions were unlawful. Thus, Plaintiff's race hatred claim should be dismissed.

**I. No Cause of Action Exists Against These Defendants Under the Fourteenth Amendment and, therefore, Plaintiff's Fourteenth Amendment Claim Should Be Dismissed**

The Fourteenth Amendment to the United States Constitution explicitly guarantees to each citizen that no state shall "deprive any person of life, liberty, or property, without due process of law...." U.S. Const., amend. XIV, § 1. The Due Process Clause of the Fourteenth Amendment covers claims involving the

"mistreatment of arrestees or pretrial detainees in custody." *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11 Cir. 1996). "State actors are subject to the Due Process Clause of the Fourteenth Amendment, [but] claims of excessive force arising from an investigatory stop or seizure, such as that alleged here, are analyzed under the Fourth Amendment, rather than under the substantive due process standard of the Fourteenth Amendment." *Wright v. Powell*, WL 3254332 (M.D. Ga. 2007); *see also Wilson v. Northcutt*, 987 F.2d 719, 722 (11th Cir. 1993); *Lopez v. Richardson*, WL 2515652 (N.D. Ga. 2009)).

Here, plaintiff's allegations of are primarily focused on the amount of force - exerted by the officers during the seizure of the Plaintiff. Therefore, plaintiff's Fourteenth Amendment claim is more appropriately analyzed under the Fourth Amendment and thus any claims based on the Fourteenth Amendment should be dismissed.

### IV. CONCLUSION

Based on the above argument and citation of authority, Defendants move that the Court grant their Partial Motion to Dismiss, and dismiss all Plaintiff's claims against the City of Manchester and Defendant Chief Couch, both in his individual and official capacities, and all claims against Defendants Harper and Harrison in their official capacities, and Plaintiff's claims premised upon the First, Fifth, Eight

and Fourteenth Amendment and Plaintiff's race hatred claim pursuant to Rule 12(b)(6).

This 15th day of June, 2016.        Respectfully submitted,

DERMER APPEL RUDER, LLC

By:     */s/ Adam L. Appel*_____
        ADAM L. APPEL
        State Bar No.: 020765
        ***Attorneys for Defendants***

6075 The Corners Parkway

Suite 210

Peachtree Corners, Georgia 30092

404-881-3556

aappel@darlawllc.com

## <u>CERTIFICATION AS TO FONT</u>

Pursuant to N.D. Ga. Local Rule 7.1 D, I hereby certify that this document is submitted in Times Roman 14 point type as required by N.D. Ga. Local Rule 5.1(b).

This 15th day of June, 2016.

*/s/ Adam L. Appel* _____

ADAM L. APPEL

State Bar No. 020765

**Attorney for Defendants**

**IN UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| DENOISYO STEVENSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| CITY OF MANCHESTER, | ) | |
| GEORGIA; GARY COUCH, in | ) | |
| his official and individual | ) | CIVIL ACTION FILE NO. |
| capacity as Chief of Police for | ) | |
| the City of Manchester, | ) | 3:16-CV-00096-TCB |
| Georgia; OFFICER JOEL | ) | |
| HARPER, INDIVIDUALLY | ) | |
| AND IN his official capacity; | ) | |
| OFFICER JOE HARRISON, | ) | |
| Individually and in his official | ) | |
| capacity and JOHN DOE in his | ) | |
| official and individual capacity, | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing

**Defendants' Brief in Support of Partial Motion To Dismiss** with the Clerk of

Court using the CM/ECF system which will automatically send e-mail notification

of such filing to the following attorneys of record:

Graylin c. Ward, Esq.
27 East Broad Street
Newnan, GA 30263

This 15th of June, 2016.

By:  */s/ Adam L. Appel*
    ADAM L. APPEL
    State Bar No. 020765

***Attorney for Defendants***

Dermer Appel Ruder, LLP
6075 The Corners Parkway
Suite 210
Peachtree Corners, Georgia  30092
404-881-3556

4362568v.1