IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| DENOISYO STEVENSON,   ) </br>)</br>  Plaintiff,   )</br>)</br>v.   )</br>)</br>CITY OF MANCHESTER,   )</br>GEORGIA, OFFICER JOEL   )</br>HARPER, *individually and in his*   )</br>*official capacity*, OFFICER JOE   )</br>HARRISON, *individually and in*   )</br>*his official capacity*,   )</br>)</br>  Defendants.   ) | CIVIL ACTION FILE</br></br>NUMBER 3:16-cv-00096-TCB |

## **O R D E R**

This case comes before the Court on Defendants' partial motion to dismiss [4] for failure to state a claim and Plaintiff Denoisyo Stevenson's motion to remand [8].

### I. Background

On May 16, 2016, Stevenson filed this action in the Superior Court of Meriwether County. He alleged that Defendants improperly and

violently tasered him during a police investigation, and cited to 14 U.S.C. § 1983 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution in support of his claims. On June 15, Defendants removed the case to this Court on the basis of federal question jurisdiction. Contemporaneously with removal, Defendants' moved to partially dismiss the complaint [4].

On July 6, Stevenson filed an amended complaint. The amended complaint repeats the facts contained in the original complaint, but pleads state-law causes of action for battery, assault, negligent use of force, and negligent hiring and retention. The amended complaints has no references to any federal law or the U.S. Constitution. Stevenson now moves for remand [8]. Defendants have not responded to the motion to remand, meaning the motion is considered unopposed. LR 7.1(B), NDGa.

## II. Discussion

### A. Motion to Dismiss

As a preliminary matter, Defendants' pending motion to dismiss [4] must be denied as moot. Generally, an amended pleading supersedes

a former pleading. *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009); *see also Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("[T]he original pleading is abandoned by [an amended pleading], and is no longer a part of the pleader's averments against his adversary."). This means that the filing of an amended pleading renders an earlier filed motion to dismiss moot. *See id.*; *Gulf Coast Recycling, Inc. v. Johnson Controls, Inc.*, No. 8:07-CV-2143-T-30TBM, 2008 WL 434880, at *1 (M.D. Fla. Feb. 14, 2008).

### B.  Motion to Remand

Pursuant to 28 U.S.C. § 1441, a civil action originally filed in a state court may be removed to federal district court if the district court has original subject matter jurisdiction over the case. 28 U.S.C. § 1441. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The party seeking removal must establish federal subject matter jurisdiction. *See, e.g., Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Buice v. Buford Broad., Inc.*, 553 F. Supp. 388,

390 (N.D. Ga. 1983). Further, "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Corp.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

When Defendants removed this case, they asserted that the case presents a federal question. *See* 28 U.S.C. § 1331. "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The federal question must form an essential element of the plaintiff's cause of action. *Gully v. First Nat'l*

*Bank*, 299 U.S. 109, 112 (1936). In determining the presence of a federal question, this Court looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint. *See Mosher v. City of Phoenix*, 287 U.S. 29, 30 (1932).

At the time of removal, Stevenson's initial complaint [1-1] contained several overt references to federal statutes and the U.S. Constitution. However, that complaint is no longer the operative pleading in this case. *Gross*, 340 F. App'x at 534. The amended complaint makes no claims under federal law, and by moving to remand Stevenson asserts that the complaint alleges claims under only state law. Thus, from the face of the complaint, there are no federal questions presented, meaning this Court lacks subject matter jurisdiction.

### III.  Conclusion

For the foregoing reasons, Defendants' partial motion to dismiss [4] is denied as moot. Plaintiff's motion to remand [8] is granted. The Clerk is directed to remand the case to the Superior Court of Meriwether County.

IT IS SO ORDERED this 1st day of August, 2016.

_____
Timothy C. Batten, Sr.
United States District Judge